UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20772-CR-MOORE/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FREDERICK EDWARD HAFNER, II,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was referred to the undersigned Magistrate Judge to conduct a proceeding for acceptance of a guilty plea by Defendant FREDERICK EDWARD HAFNER, II. Based upon the change of plea hearing conducted on October 31, 2018, this Court makes the following findings, and recommends that the guilty plea be accepted, and that the Defendant be adjudicated guilty of the offenses to which he has pled guilty.

1. On October 31, 2018, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter. At the outset of the hearing, this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by a United States District Judge. The

Defendant, the Defendant's attorney and the prosecutor all consented on the record to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4. There is a written plea agreement which has been entered into by the parties in this case. This Court reviewed that plea agreement on the record and the Defendant acknowledged that he understood each term of the plea agreement and that he had signed the plea agreement. This Court also made certain that the Defendant was aware of the maximum sentence which could be imposed in this case pursuant to that plea agreement and the applicable statutes, including forfeiture and restitution.

5. The Defendant pled guilty to the Information filed in this case, which charges the Defendant with forcibly assaulting an officer of the United States while that officer was engaged in, or on account of, the performance of official duties, in violation of 18 U.S.C. § 111(a)(1). The Defendant agreed to waive his right to appeal the sentence imposed or to appeal the manner in which this sentence was imposed, unless the sentence exceeds the statutory maximum or the guideline range established by the Court at sentencing; or unless the Government appeals the sentence imposed. The government has agreed that the defendant's conduct constitutes a simple assault.

6. To set forth the factual basis for the entry of the plea, the Defendant and the Government submitted a written Factual Proffer. The Government orally summarized the written factual proffer in Court. The Factual Proffer established all of the essential elements of the crime to which the Defendant is pleading guilty. The Defendant acknowledged that the statement of facts was accurate, and that he had signed the written factual proffer. The Court advised the Defendant that there is a statutory maximum potential sentence of one year of incarceration; followed by a term of supervised release

of up to one year; a fine of up to $100,000.00; restitution, and a mandatory special assessment of $25.00. The Defendant acknowledged that he understood the possible maximum penalties which could be imposed in his case.

7. Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. In addition, the undersigned specifically finds that the Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary. Therefore, this Court recommends that the Defendant be found to have freely and voluntarily entered his guilty plea to the Information filed in this case, as more particularly described herein, and that the Defendant be adjudicated guilty of that offense.

8. A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office. The sentencing date is January 3, 2019, at 2:00 p.m. in Miami, Florida. The Defendant remains on bond pending sentencing. The Defendant was advised to be prepared at the conclusion of the sentencing hearing to surrender to begin service of any sentence of imprisonment that is imposed.

Therefore, it is hereby

RECOMMENDED that Defendant FREDERICK EDWARD HAFNER, II's plea of guilty be accepted, that the Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by

the United States District Judge to whom this case is assigned. Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation. Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED in Miami, Florida, on November 5, 2018.

*/s/ Andrea M. Simonton*
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
Hon. K. Michael Moore., Chief U.S. District Judge
All Counsel of Record
U.S. Probation Office
U.S. Marshal